335 So.2d 30 (1976)
Mark D. DUFFY, Plaintiff-Appellee-Relator,
v.
George E. THROWBRIDGE and Allstate Insurance Company, Defendants-Appellants-Respondents.
No. 57900.
Supreme Court of Louisiana.
June 30, 1976.
Dissenting Opinion July 28, 1976.
*31 Felicien P. Lozes, Drury, Lozes & Curry, New Orleans, for defendants-respondents.
Steven R. Plotkin, New Orleans, for plaintiff-applicant.
TATE, Justice.
We granted certiorari, 327 So.2d 649 (1976), primarily to review whether a party has the right to oral argument when a case is "reargued" in the court of appeal, when so required by Article 5, Section 8(B) of the Constitution of 1974:
Section 8(B) provides:
"A majority of the judges sitting in a case must concur to render judgment. However, when a judgment of a district court is to be modified or reversed and one judge dissents, the case shall be reargued before a panel of at least five judges prior to rendition of judgment, and a majority must concur to render judgment." (Italics ours.)
The plaintiff sues to recover damages for personal injuries resulting from an *32 accident. The trial court awarded him damages in the amount of $42,030.96 ($40,000 general damages, $2,030.96 special damages).
The defendants appealed to the Court of Appeal, Fourth Circuit, where a panel of three judges received briefs and heard oral arguments. Thereafter the three-judge panel issued its order of December 19, 1975, which set forth:
"A majority of the judges on the panel which heard the above case have concluded the judgment appealed from should be modified, however disagreement exists as to the extent of the modification.
"It is ordered that the above entitled and numbered case be reargued, on briefs only, before a panel of five judges of this court. If they desire to do so, the parties may submit additional briefs not later than January 6, 1976." (Italics ours.)
In keeping with the quoted order, both the plaintiff and the defendants submitted additional briefs to the five-judge panel. No objection was made by the plaintiff to the provision of the order confining the reargument to "briefs only", and no request was made to argue orally.
On February 10, 1976 the court's opinion was handed down. 327 So.2d 649 (La.App. 4th Cir. 1976). Three judges subscribed to the reasons assigned and two judges dissented. The judgment reduced the amount of the trial court award to $12,030.96, by reducing the general damages awarded from forty thousand dollars to ten thousand dollars.
The plaintiff applied to this court for certiorari. In addition to contesting the reduction of the award (Issue no. 1), the plaintiff's application for certiorari complained that the order of December 19, 1975 deprived him of the right to oral argument guaranteed by Article 5, Section 8(B), Louisiana Constitution of 1974 (Issue no. 2).
We granted certiorari primarily to determine the latter issue (Issue no. 2). See our writ grant of May 11, 1976, 332 So.2d 280.
With regard to that issue, however, a majority of this court has determined that the plaintiff effectively waived his right, if any, to oral argument. He complied with the court's order of December 19, 1976 without asserting the right in accordance with Section 8(B). It is too late after an unfavorable judgment has been rendered against him for the plaintiff to claim a right that he could have, but failed to, claimed before unfavorable judgment.
For purposes of affording guidance to appellate practice in this state, we had hoped to make an authoritative interpretation of the requirements of Article 5, Section 8(B), with regard to the right, if any, of oral reargument in cases governed by that constitutional provision. We are unable to do so because of a division in the views of this court as to an issue we do not reach.
However, for purposes of guidance until an authoritative interpretation is reached, we think it is fair to summarize the court's views as follows:
Three members of the court are of the opinion that the constitution envisages a right to oral argument on the reargument of the case, when such is required by Section 8(B). Three members of the court are of the opinion that the "reargument" required by the section is only in the sense of permitting an opportunity for either (or both) written or oral argument, in the sense of permitting the party to provide for the court reasons for or against the matter at issue for purposes of persuading the appellate court (see 4 Words & Phrases, verbo "argue" and "argument", p. 16 (1969); Black's Law Dictionary, verbo "argument", p. 137 (4th ed. 1951); Webster's Third New International Dictionary, verbo "argue" and "argument", pp. 116-17 (1961); The American Heritage Dictionary, verbo "argue", p. 70 (1969)).
*33 The other member of the court is of the view that the "reargument" required is to the same extent as the party was afforded at the time of the original hearing of the appeal. In this case, the parties were afforded oral argument at such original hearing.
Therefore, although a majority of this court believes that the plaintiff waived his right to oral presentation on the present "reargument", a majority likewise believes that, at least where the parties were afforded oral argument at the original hearing, they are entitled, if they claim it, to oral presentation when reargument of an appeal is required by Article 5, Section 8(B).
Although we requested argument only as to Issue No. 2 at the time certiorari was granted, our grant of certiorari was not at that time restricted. Therefore, Issue No. 1 may be considered by us. La. Const. of 1974, Article 5, Section 5(F).
Nevertheless, we have determined to rescind certiorari as improvidently granted as to that issue.
After reviewing the evidence, a majority of the court of appeal determined that the preponderance of the evidence, even accepting the trier of fact's credibility evaluations, proved a relatively minor injury (a cervical sprain), with permanent residual of non-acute but persistent symptoms resulting from the minor aggravation of a pre-existing condition. The approach of the appellate court did not result from its arbitrary re-appreciation of the facts nor from its arbitrary substitution of appellate judgment for the much-discretion of the trier of fact in awarding general damages; but rather from factual review within accepted limits of appellate propriety, see e.g., Dinvaut v. Phoenix of Hartford Insurance Co., 302 So.2d 294 (La.1974).
We see no reason therefore to exercise our supervisory review with regard to Issue No. 1 and, accordingly, we rescind our grant of certiorari as improvident; for except for our interest in determining Issue No. 2 relative to rearguments in the court of appeal, we would have denied certiorari.
For the reasons assigned, we rescind our grant of supervisory writs and reinstate the judgment of the court of appeal.

WRIT OF CERTIORARI RESCINDED.
SUMMERS, J., dissents and assigns reasons.
DIXON, J., dissents, believing there was no waiver of the right to argue orally, but otherwise concurs.
MARCUES, J., concurs.
DENNIS, J., concurs in part and dissents in part.
DENNIS, Justice (concurring in part, and dissenting in part).
I agree with the members of the Court who are of the opinion that the word "reargued" set forth in Article V, § 8(B), La. Constitution of 1974, does not necessarily require oral argument. However, I believe that appellant should have been afforded the right to oral argument before a panel of five judges in this case, because, in my opinion, Article V, § 8(B), La.Constitution of 1974 is designed to require reconsideration of the case, as fully as on original hearing, but before a larger panel of the court of appeal. Since the appellant was afforded oral argument before the initial panel, he should have been given an opportunity to orally argue his case before the five-member panel.
I respectfully dissent from the majority's conclusion that the plaintiff effectively waived his right to oral argument by complying with the court of appeal's order of *34 December 19, 1975. The plaintiff should not be penalized for complying with a lower court order which a majority of the Court has found to be unconstitutional. Instead, we should reverse the court of appeal judgment and remand the case for further proceedings in accordance with the correct constitutional principles.
SUMMERS, Justice (concurring in part and dissenting in part).
I am of the opinion that plaintiff correctly contends that when Section 8(B) of Article V of the Constitution of 1974 directs that the case shall be "reargued" it contemplates that the parties should be permitted to present oral arguments and briefs to the larger panel of judges. In its most usual, general and popular use the word "reargued", in this context, means a reconsideration with the benefit of additional briefs and additional oral arguments.
The briefs and oral arguments are, of course, principally designed for the benefit of the reconstituted court, including as it did in this case two judges who had not had the benefit of oral argument.
This does not mean, however, that the parties are compelled to argue orally unless required to do so by the court. They may waive the right. In this case, plaintiff effectively waived his right to oral argument by complying with the court's order of December 19, 1975 without asserting the right in accordance with Section 8(B). It is too late after an unfavorable judgment has been rendered against him for plaintiff to claim a right he had ample time to exercise at the proper time.